IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Miscellaneous Case No. 12-SW-00023-GJR

IN THE MATTER OF THE APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER AUTHORIZING
THE DISCLOSURE OF CELL SITE INFORMATION FOR
AND GLOBAL POSITIONING SYSTEM INFORMATION
FOR CELLULAR TELEPHONE ASSIGNED NUMBER
(951) 901 7255 AND FURTHER ASSIGNED UFMI
126*299*2841 AND IMSI 316010154356489

---

**ORDER AUTHORIZING THE DISCLOSURE OF CELL SITE INFORMATION AND
GLOBAL POSITIONING SYSTEM INFORMATION AND
ORDER TO RESTRICT RELATED PAPERS**

---

Application and Affidavit having been presented by the United States for a Warrant pursuant to Title 18, United States Code, 18 U.S.C. § 2703(c)(1)(A) and Section 2703(d) and pursuant to Federal Rule of Criminal Procedure 41, directing Sprint/Nextel to assist agents of the DEA by providing cell site information and all information, facilities and technical assistance needed to ascertain the physical location of cellular telephone assigned number (951) 901-7255 ("TARGET TELEPHONE") and further assigned UFMI 126*299*2841 and IMSI 316010154356489 which is subscribed to Juan Jose, P.O. Box 54988, Irvine, California, and is in the possession of, and being used by **JORGE G. ARISMENDY, a/k/a "KIKO," a/k/a "UM-773"**, including data indicating the cell site location of and the specific latitude and longitude of (or other precise location information concerning) the TARGET TELEPHONE (the

"Requested Information")[1] for a period of thirty (30) days;

The Court finds that there is probable cause to believe that the Requested Information will lead to evidence of violations of Title 21, United States Code, Sections 841, 843, 846, 848, 952 and 963; Title 18, United States Code, Sections 1952 and 1956; and Title 31, United States Code, Section 5332, among other offenses, as well as to the identification of individuals who are engaged in the commission of these offenses.

IT IS HEREBY ORDERED, pursuant to Title 18, United States Code, Sections 18 U.S.C. § 2703(c)(1)(A) and 2703(d) and pursuant to Federal Rule of Criminal Procedure 41, that Sprint/Nextel, beginning at any time within fourteen (14) days of the date of this Order and for a period not to exceed 30 days from the date of this Order, provide to agents of the DEA the Requested Information concerning the TARGET TELEPHONE, with said authority to extend to any time of the day or night as required, including when TARGET TELEPHONE leaves the District of Colorado; all of said authority being expressly limited to ascertaining the physical location of the TARGET TELEPHONE and expressly excluding the contents of any communications conducted by the users of the TARGET TELEPHONE.

It is further ORDERED that Sprint/Nextel, the service provider for the TARGET TELEPHONE, initiate a signal to determine the

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the **TARGET TELEPHONE** at the start and end of any call.

location of the subject's mobile device on Sprint/Nextel network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as Sprint/Nextel accords the users of the TARGET TELEPHONE.

It is further ORDERED that the DEA compensate Sprint/Nextel for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Affirmation submitted in support thereof, as they reveal an ongoing investigation, be restricted until further Order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and Sprint/Nextel as necessary to effectuate the Court's Order.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 10 days after the termination of the execution of the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. 3103a(c), that service of notice may be further delayed for additional 90 day periods upon a separate updated good faith showing by the United States that service of notice would seriously jeopardize or compromise an ongoing investigation.

It is further ORDERED that Sprint/Nextel, its affiliates, officers, employees, and agents not disclose the Court's Order or the underlying investigation, until notice is given as provided above.

Signed and entered this 28th day of March, 2012.

BY THE COURT:

*[signature]*
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO